

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LISA YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 2847 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Magistrate Judge |
| Commissioner of Social | ) | Arlander Keys |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

On July 23, 2008, the Court issued a Memorandum Opinion and Order remanding Lisa Young's case to the Commissioner of Social Security. Shortly thereafter, Ms. Young's attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1860 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in her favor and secured a remand, Ms. Young is the prevailing party. The Commissioner concedes that she is entitled to fees, but he argues that the award should be substantially reduced because the time spent litigating this case was unreasonable. In particular, the Commissioner argues that the

use of multiple attorneys in the case resulted in "double billing," and that the requested award should, therefore, be substantially reduced.

In their initial petition, Ms. Young's attorneys seek to recover fees totaling $9,404.11; this includes 53.9 hours of attorney time billed at the rate of $169.90/hour, and 2.9 hours of legal assistant time billed at the rate of $85/hour.[1] In their reply in support of the petition, counsel seeks another .8 hours of attorney time. The Commissioner does not challenge the hourly rates proposed by counsel, and the Court finds that they are reasonable. With regard to the number of hours billed, the Court rejects the Commissioner's argument that it is necessarily inappropriate for counsel to assign more than one attorney to work on a given matter and then to submit time for those multiple attorneys in an EAJA petition. But the Court does agree that, where the situation gives rise to fees that may have been unnecessary, those fees should not be reimbursed. This leads to a reduction of 2.2 hours, billed at the rate of $169.90/hour (for a total reduction of $373.78).

Additionally, although the Commissioner did not raise the

---

[1]The petition actually seeks $9,743.91, which is more than is reflected in the itemized billing sheets submitted therewith. The Court is not sure if this is the result of a math error on counsel's part, or whether counsel meant to include certain costs in the award. Either way, given that counsel has made no attempt to explain or substantiate any costs, the Court will work with its own math and disregard counsel's stated sum.

point, the Court finds that some of the entries on counsel's time sheets appear to reflect time spent by counsel on tasks that were purely clerical in nature, and that is inappropriate. See *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); *Seamon v. Barnhart*, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). See also *Hensley v. Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). On this score, the Court will disallow 1.0 hour of attorney time and .7 hours of legal assistant time, for a total reduction of $229.40.

The Court also finds that the time spent reading the Commissioner's summary judgment brief and cases was excessive; 3.5 hours for a 13-page brief citing fewer than half a dozen cases, none on novel issues, is simply too much and the Court will reduce this by 1.5 hours.

The Court will allow counsel to recover fees for the remainder of the time billed. In total, the Court will allow counsel to recover 50.0 hours of attorney time, billed at the rate of $169.90/hour, and 2.2 hours of legal assistant time, billed at the rate of $85.00/hour; this brings the total fee

3

award to $8,682.00.

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Ms. Young and awards fees as requested, except to the extent explained above. Consistent with the EAJA, the Court awards fees to Barry A. Schultz in the amount of $8,682.00.

Dated: December 29, 2008

ENTER:

ARLANDER KEYS
United States Magistrate Judge